JIMERSON, Plaintiff-Appellant, v JIMERSON, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20700.   Decided November 3rd, 1947.

J. Raymond Slemmons, for plaintiff-appellant.

Thos. C. Jimerson, for defendant-appellee.

## OPINION

PER CURIAM:

Plaintiff-appellant filed her petition for divorce and alimony in the Common Pleas Court, together with a motion for alimony pendente lite.   Said motion was duly heard by the court and the court awarded temporary alimony in the sum of $15.00 per week.   The defendant then filed his application for a rehearing on the question of alimony.

Following a hearing on the application for a rehearing, the court made the following order:

318

"Both parties being represented in court by their respective attorneys the court finds from the evidence offered that the plaintiff, Edith Jimerson did on the 1st day of October, 1941, abandon the defendant, Thomas C. Jimerson, Jr., without cause and that the said Edith Jimerson is not entitled to alimony pendente lite as awarded by the Domestic Relations branch of this court, as hereinabove mentioned."

**Sec. 8004 GC** provides:

"If the wife abandons the husband he is not liable for her support until she offers to return, unless she was justified by his misconduct in abandoning him."

The bill of exceptions shows that the court heard no evidence at the hearing on the application for rehearing.

Attached to the application for rehearing was an affidavit by the defendant to the effect that:

"On the 1st day of October, 1941, the plaintiff sold all of their household equipment and furnishings and without cause wilfully left this defendant and that said plaintiff has been wilfully absent since the 1st day of October, 1941."

The hearing was on the application for a rehearing and if granted the trial court should have set the motion for alimony pendente lite for hearing, at which time the parties could have presented their evidence. In this case the court, following a hearing on the application for rehearing, not only granted the rehearing but also vacated the order awarding alimony pendente lite without any evidence being received.

The language of the court was as follows:

"The rehearing is heard and granted and no alimony."

In our opinion the court erred in granting the application for rehearing and at the same time vacating the order awarding alimony pendente lite without any evidence being received.

HURD, PJ, MORGAN and SKEEL, JJ, concur.